# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
v.                               )        Case No. CR-21-252-TDD
                                 )
DALLAS TYLER EWTON,              )
                                 )
                    Defendant.   )

## ORDER ON MOTION TO REVOKE
## DETENTION ORDER

This matter comes before the Court on Defendant's Opposed Motion for Revocation of Detention Order Pursuant to 18 U.S.C. § 3145(b) [Doc. No. 29]. Defendant moves for a revocation of an order that he be held pending trial, issued by United States Magistrate Judge Kimberly E. West in the Eastern District of Oklahoma on July 14, 2021. The Government filed a response in opposition [Doc. No. 31]. This Court previously ordered the Government to supplement its response with the transcript of the detention hearing and any materials presented to Magistrate Judge West. The Government made its supplemental filing, and the Court will now address the merits of the instant motion.

The Court must conduct a *de novo* review of the detention order [Doc. No. 16], and it must make an independent determination of whether Defendant should be detained or released on conditions pending trial. To that end, the Court has reviewed the transcript of the detention hearing [Doc. No. 40], the two affidavits submitted by the Defendant [Doc. Nos. 29-1 and 29-2], the Supplemental Documents filed by the Government [Doc. No. 44],

and the pretrial services report. In addition to the briefing filed by the parties, the Court has considered the case record, including the Criminal Complaint [Doc No. 1]. Although not required, the Court has discretion to hold an evidentiary hearing. *See United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019). Upon consideration, the Court finds that an additional hearing is not necessary.

To obtain the detention of the defendant, the government bears the burden to prove "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

Where, as here, a defendant is charged with committing an offense against a minor victim under 18 U.S.C. § 2241, a rebuttable presumption arises under 18 U.S.C. § 3142(e), that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community if the court finds probable cause to believe that the defendant committed the offense charged. "Once the presumption is invoked, the burden of production shifts to the defendant." *United States v. Stricklin*, 932 F.2d 1353, 1354–55 (10th Cir. 1991). While the defendant's burden to overcome this presumption is not heavy, he must still produce "some evidence." *Id.* at 1355. And even when the defendant meets his burden, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* The burden of persuasion

remains at all times with the government. *Id.* at 1354–55. Pursuant to 18 U.S.C. § 3142(g), the following factors must be considered:

> (1) the nature and circumstances of the offense charged . . . ;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including–

>> (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

As pertinent to the application of the § 3142(g) factors, the Court makes the following findings of fact:

1.    Defendant is a 39-year-old citizen of the United States and an enrolled member of the Muscogee Nation. He lives in Morris, Oklahoma with his wife and two children.

2.    Defendant has close relationships with immediate family members, including his mother, father, and step-parents, all of whom live in or nearby Morris.

3.    Defendant has maintained employment as a high school teacher for the past 14 years. For the past nine years, he has been employed as a math teacher and athletic coach for Morris Public Schools.

4.      Defendant is in good physical health and reports no history of substance abuse.

5.      Defendant was arrested on July 2, 2021, in Muskogee, Oklahoma under an arrest warrant issued by Magistrate Judge Kimberly E. West. Prior to the arrest, Defendant had no criminal history.

6.      Defendant now faces charges set out in an Indictment returned by the Grand Jury on July 14, 2021. The seventeen-count indictment contains charges for aggravated sexual abuse, sexual abuse of a minor, sexual abuse of a ward, abusive sexual contact, and witness tampering. These charges carry a maximum penalty of life imprisonment.

7.      The information leading to Defendant's arrest resulted from a law enforcement investigation, which included multiple interviews of the alleged victims, L.W. and P.D., and other students, interviews of the parents of Defendant's students, phone records of text messages between Defendant and L.W., and an interview of Defendant's ex-wife.

8.      Defendant offered evidence of his good character through the testimony and sworn affidavits of his step-father, Rodney Bailey, and friend, Ryan Kubik.

9.      If released pending trial, Defendant stated he would live under house arrest on his step-father's ranch. Defendant's step-father stated that he is willing to allow Defendant to reside at the ranch and that he lives about 12 miles from Morris.

The foregoing findings establish that defendant is accused of multiple serious felony offenses. The Government's case for detention rests heavily on the § 3143(e) presumption and the nature and circumstances of the offenses charged. The Government also argues the

release of Defendant poses significant danger to the community. These arguments are based on the allegations that Defendant sexually abused L.W. and P.D.

The court finds probable causes exists to believe Defendant committed an offense against a minor victim under § 2241. The § 3143(e) presumption that no condition would be sufficient to reasonably assure Defendant's appearance and the safety of the community thus applies. Defendant clearly met his burden of production to overcome this presumption by producing some evidence of his character and of conditions to his release that could be sufficient to assure the safety of the community. The presumption nonetheless remains a factor in the Court's determination.

Based on that presumption, the nature and circumstances of the offenses charged, and the weight of the evidence against Defendant, the Court concludes that the government has met its burden of proof, by a preponderance of the evidence, that the defendant poses a serious flight risk if released, and by clear and convincing evidence, that if released the defendant poses a serious risk of danger to the community. The Court further concludes that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion for Revocation of Detention Order [Doc. No. 29] is **DENIED**. The Detention Order Pending Trial [Doc. No. 16] is **AFFIRMED**.

**IT IS SO ORDERED** this 3rd day of September, 2021.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE