IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DALLAS TYLER EWTON, ) <br> ) <br> Defendant. ) | Case No. CR-21-252-TDD |

## ORDER

Before the Court is the government's Motion to Dismiss Certain Counts [Doc. No. 93]. The government requests that the Court dismiss Counts Ten, Eleven, Twelve, Fifteen, and Sixteen of the Indictment [Doc. No. 18]. These include three counts charging Defendant with Sexual Abuse of a Ward in Indian Country and two counts charging Defendant with Abusive Sexual Contact in Indian Country. The motion does not state the government's reasons for the dismissals.

The government may, under Fed. R. Crim. P. 48(a), dismiss an indictment, or a count in an indictment, with leave of court. *See United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir. 1981). The purpose of requiring the government to obtain leave of court is to "prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). This purpose, however, cannot be honored if the court does not "know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *Id.*

A district court is typically required to grant a motion to dismiss an indictment, *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004), but "[r]ule 48(a) gives the district court power to deny the government's dismissal of an indictment if dismissal is clearly contrary to manifest public interest." *United States v. Koerber*, 10 F.4th 1083, 1103 (10th Cir. 2021) (internal quotation marks omitted). The decision to grant or deny a motion to dismiss under Rule 48(a) is reviewed for an abuse of discretion. *United States v. Giles,* 213 F.3d 1247, 1248-49 (10th Cir. 2000).

But here, without knowing the reasons the government seeks to dismiss Counts Ten, Eleven, Twelve, Fifteen, and Sixteen and the facts underlying the government's decision, the Court has no basis to determine whether dismissals of these counts are compatible with or contrary to manifest public interest. In blindly granting this motion, the Court would hardly be exercising any kind of discretion. Further, the motion does not state whether it seeks dismissal of these counts with or without prejudice. The Court, therefore, finds that it must deny the instant motion to dismiss.

**IT IS THEREFORE ORDERED** that the government's Motion to Dismiss Certain Counts [Doc. No. 93] is **DENIED** without prejudice to a refiling.

**IT IS SO ORDERED** this 1st day of June, 2022.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE