IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DALLAS TYLER EWTON,

    Defendant.

Case No. CR-21-252-TDD

**ORDER**

Before the Court is Defendant's Motions in Limine [Doc. No. 60]. The government responded in opposition [Doc. No. 67]. Defendant is charged in a seventeen-count indictment containing six counts of aggravated sexual abuse, three counts of sexual abuse of a minor, three counts of sexual abuse of a ward, four counts of abusive sexual contact, and one count of tampering with a witness. [Doc. No. 18]. The government alleges Defendant, a former teacher at Morris Public Schools, sexually abused two minors who were his students at the time of the alleged acts. By this motion, Defendant seeks pretrial determinations on the admissibility at trial of multiple categories of evidence.

**I.  Expert Testimony**

Defendant seeks a determination that Andrea Hamilton, the expert witness offered by the government, may not discuss the facts of this case or the credibility of any witnesses. Defendant does not, at this time, argue Ms. Hamilton is not qualified to testify as an expert regarding the subjects of her proposed testimony, nor does Defendant argue her proposed testimony is irrelevant to trial issues.

The principles of *Daubert* and its progeny,[1] which are codified in Rule 702, oblige the Court to perform an important gatekeeping function regarding expert opinion testimony. In considering whether an expert's opinion is admissible, the Court performs a two-step analysis to determine, first, whether the expert is qualified by knowledge, skill, experience, training, or education to render the opinion that the expert offers and, second, whether the expert's opinion is reliable and would assist the trier of fact. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc); *Daubert*, 509 U.S. at 591. At the second step, "Rule 702 requires the district court, before admitting expert testimony, to ensure that testimony 1) has a reliable basis in the knowledge and experience of the expert's discipline, and 2) is relevant to the task at hand." *United States v. Chapman*, 839 F.3d 1232, 1237 (10th Cir. 2016) (internal quotation omitted).

Upon consideration of the issues presented, the Court finds that Ms. Hamilton appears well-qualified to testify as an expert regarding the subjects of her proposed testimony. Ms. Hamilton's curriculum vitae shows her extensive training and experience as a forensic interviewer of child sexual abuse victims and her considerable education and training in the areas of child sexual abuse and the interview and disclosure process. This information may be verified through a preliminary examination of Ms. Hamilton at trial, and Defendant does not question her expert qualifications in these areas. Thus, for present purposes, the Court assumes Ms. Hamilton is qualified to offer the proposed opinions and turns to the questions of reliability and relevance.

---

[1] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

The government represents that Ms. Hamilton has previously provided expert testimony on issues related to child sexual abuse and the disclosure process in child sexual abuse cases. Assuming Ms. Hamilton's expertise in these areas, as shown by her curriculum vitae and as may be verified by her testimony, Ms. Hamilton's expert knowledge may provide a sufficient basis for her to offer reliable opinions regarding generally accepted principles and relevant literature within her areas of expertise as described in the government's Notice. Defendant contends that Ms. Hamilton should not be permitted to offer any testimony relating to the facts of this case or the credibility of any witness. The government responds, explaining that Ms. Hamilton's proposed testimony meets these limitations because it will not address any diagnosis of the alleged victims or any issue relating to the alleged victims' credibility.

In the Notice, the government explains Ms. Hamilton will testify regarding victim selection, grooming, and the process and stages of disclosure for persons who have been subjected to sexual abuse. According to the official commentary to Rule 702, generalized testimony may be appropriate in some cases to allow "an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case." Fed. R. Evid. 702 advisory committee's note to 2000 amendment. The Tenth Circuit has upheld the admission of expert testimony about characteristics of victims of child sexual abuse and whether certain conduct is consistent with conduct exhibited by victims of child sexual abuse, where such testimony was relevant. *See Chapman*, 839 F. 3d at 1234, 1238-40 (allowing sexual assault expert to testify that self-harming conduct exhibited by victim, as described by others, was consistent with coping mechanism of some

3

domestic abuse victims, where opinion was offered to counter defendant's argument that victim injured herself to fabricate evidence against him); *United States v. Charley*, 189 F.3d 1251, 1264-65 (10th Cir. 1999) (district court did not abuse its discretion by allowing expert "to inform the jury of characteristics in sexually abused children and describe the characteristics the alleged victim exhibits").[2] Thus, both Rule 702 and precedent may allow the admission of Ms. Hamilton's proposed opinions under appropriate factual circumstances.

The question remains whether Ms. Hamilton's proposed opinions regarding child sexual abuse and the disclosure process are relevant to the trial issues. At this stage of the case, the Court simply cannot make that determination. It is conceivable that Ms. Hamilton's testimony in some areas identified in the government's Notice might be relevant. However, the Court will need to assess the presentation of evidence before it can determine whether Ms. Hamilton's opinions would assist the jury in deciding any trial issue. After sufficient evidence has been received, the Court will expect the government to show Ms. Hamilton's proposed testimony would be relevant and helpful before calling her as an expert witness.

## II.   Use of the Terms "Grooming," "Pervert," or "Creepy"

Defendant argues that the Court should prohibit the government from using the term "grooming." Defendant, however, does not argue evidence of any alleged grooming in this

---

[2] In so holding, the court of appeals adhered to the general rule that expert testimony intended primarily to bolster the credibility of a fact witness encroaches upon the province of the jury and is not helpful. *See Chapman*, 839 F.3d at 1239; *Charley*, 189 F.3d at 1267.

case should be excluded, just the term itself. He contends the term is inflammatory and would improperly prejudice him. "The term 'grooming' is the process whereby a sex offender earns the trust and confidence of a victim before engaging in a sexual act." *United States v. Batton*, 602 F.3d 1191, 1198 n.3 (10th Cir. 2010) (citing Sana Loue, *Legal and Epidemiological Aspects of Child Maltreatment,* 19 J. LEGAL MED. 471, 479 (1998)); *see also United States v. Isabella*, 918 F.3d 816, 833 (10th Cir. 2019).

The government explains it plans to offer the expert opinions of Ms. Hamilton to generally inform the jury on topics including victim selection, victim disclosure, and *grooming*. It thus appears necessary that Ms. Hamilton be able to use and appropriately define the term. Therefore, Defendant's blanket objection to any use of the word "grooming" is overruled. The Court, however, is unable at this time to determine that use of the term is appropriate in the questioning of other witnesses. Further, unnecessary emphasis or overuse of the term at trial would constitute reasonable grounds for a contemporaneous objection by defense counsel.

Defendant also objects to any use of the terms "pervert" or "creepy." He argues the use of these words by the government or its witnesses would be "highly detrimental against" him and that any testimony using these terms would be irrelevant to the charged offenses. [Doc. No. 60] at p.4. The government contends that "pervert" and "creepy" are "descriptive terms that potentially indicate a witness's feelings and opinion." [Doc. No. 67] at p.6. The government, however, does not clarify how such testimony would be relevant to any fact of consequence. *See* Fed. R. Evid. 401. Although it is not presently apparent, there may be circumstances where use of these terms could be relevant and

appropriate. Therefore, the Court is unable, as a general matter, to determine whether it should prohibit the use of the terms "pervert" or "creepy" in this case. Accordingly, the Court reserves ruling on this issue.

### III. The Number of Text Messages Defendant Sent an Alleged Victim

Defendant requests that the Court exclude evidence of the number of text messages he sent an alleged victim. According to the motion and the government's response, Defendant sent one of the alleged victims over 24,000 text messages in three years. Defendant argues that (1) the evidence is irrelevant and (2) the only purpose for introducing this evidence is to inflame the jury. The government responds, asserting that the number of messages Defendant sent this alleged victim is relevant evidence of grooming.

The Court agrees that this evidence is relevant; it has some tendency to make the fact that Defendant developed a relationship with the alleged victim to accomplish the alleged sexual abuse more probable. Further, the probative value of this evidence is not substantially outweighed by unfair prejudice or any other danger set forth in Fed. R. Evid. 403. Defendant's motion to exclude evidence relating to the number of messages he sent an alleged victim is denied.

### IV. Discovery Dispute

Defendant asks the Court to exclude any evidence not provided by the government as of the date of his motion, October 10, 2021. The government explains that, at that time, there remained only one piece of outstanding discovery and that it would continue to comply with its discovery obligations. Under LCrR 16.1(A), the Court shall not hear any

6

motion relating to a discovery dispute "unless counsel for the movant certifies in writing to the Court that the opposing attorneys have conferred in good faith and have been unable to resolve the dispute." Defendant has not made any such certification. Therefore, The Court will not exclude any evidence based on this purported discovery dispute.

### V.     Hearsay Testimony

Defendant makes a generalized objection to hearsay testimony offered by government witnesses. Defendant does not identify a specific statement or category of statements he believes should be excluded. Without reference to a particular statement, the Court is entirely incapable of determining whether (1) the statement constitutes hearsay or (2) an exception to the rule against hearsay applies. Any necessary ruling on the admissibility of testimony Defendant believes constitutes inadmissible hearsay will be made at trial upon timely objection.

### CONCLUSION

For these reasons, the Court finds that Defendant Dallas Tyler Ewton's Motion in Limine [Doc. No. 60] should be **DENIED** in part and **RESERVED** in part. Specifically, the Court reserves ruling on whether government witnesses may use the terms "pervert" and "creepy" and whether government witnesses other than Ms. Hamilton may use the term "grooming." The Court also anticipates that the government will make a showing regarding whether Ms. Hamilton's proposed expert opinions would be relevant and helpful before calling her as an expert witness.

**IT IS SO ORDERED** this 21st day of June, 2022.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE