IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-252-TDD |
| ) | |
| DALLAS TYLER EWTON, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is the government's unopposed Motion to Dismiss [Doc. No. 100]. Defendant is charged in a seventeen-count indictment [Doc. No. 18]. The government, now, seeks to dismiss with prejudice Counts Ten, Eleven, Twelve, Fifteen, and Sixteen. These include three counts charging Defendant with Sexual Abuse of a Ward in Indian Country and two counts charging Defendant with Abusive Sexual Contact in Indian Country. The Court denied the government's first motion to dismiss these charges because the government did not provide the reasons for the dismissals as required under *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). *See* Order [Doc. No. 94].

A district court is typically required to grant the government's motion to dismiss an indictment, *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004), but "[r]ule 48(a) gives the district court power to deny the government's dismissal of an indictment if dismissal is clearly contrary to manifest public interest." *United States v. Koerber*, 10 F.4th 1083, 1103 (10th Cir. 2021) (internal quotation marks omitted). The decision to grant or

deny a motion to dismiss under Rule 48(a) is reviewed for an abuse of discretion. *United States v. Giles*, 213 F.3d 1247, 1248-49 (10th Cir. 2000).

The government has now provided sufficient information for the Court to exercise discretion in determining whether dismissals of these charges are compatible with or contrary to manifest public interest. The motion states that the government included Counts Ten, Eleven, Twelve, Fifteen, and Sixteen as alternate methods of alleging crimes charged in other counts of the indictment. It also states that these counts fail to allege essential elements of the charged offenses. The Court, therefore, finds that dismissals of these counts are certainly compatible with manifest public interest. The government's Motion to Dismiss [Doc. No. 100] is **GRANTED**.

**IT IS THEREFORE ORDERED** that Counts Ten, Eleven, Twelve, Fifteen, and Sixteen of the Indictment [Doc. No. 18] are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 24th day of June, 2022.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE