IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-252-TDD |
| | ) | |
| DALLAS TYLER EWTON, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Non-Party Jane Doe's Motion to Intervene for Limited Purpose of Modifying Protective Order [Doc. No. 125]. The Motion is unopposed within the time set by LCrR12.1(E). Upon consideration, the Court finds that the motion should be **GRANTED.**

Defendant was indicted on July 14, 2021. *See* [Doc. No. 18]. He later plead guilty to Counts 7 and 9 (sexual abuse of a minor in Indian Country), as well as Count 13 (abusive sexual contact in Indian Country), as charged in the indictment. *See* Plea Agreement [Doc. No. 118]; Plea Petition [Doc. No. 120]. During the course of litigation, the Court entered a protective order which, *inter alia*, prohibits Defendant's attorneys from reproducing and disseminating certain protected information. *See* 8/12/21 Order [Doc. No. 35] at 3.

In October of 2021, a civil action was initiated against several defendants, including Defendant Ewton, surrounding the conduct to which Defendant ultimately plead guilty. *See* Case No. CIV-21-305-JAR (E.D. Okla.). Non-Party Jane Doe alleges that Defendant has

refused to produce certain materials throughout the course of discovery in the civil action because of the restrictions set forth in this Court's protective order.

Pursuant to Fed. R. Civ. P. § 24(b), Ms. Doe requests that the Court modify its protective order to allow the parties in the civil action to access certain documents that have been produced by the parties throughout the course of the present action. Fed. R. Civ. P. § 24(b)(2) allows courts to permit a non-party who "has a claim or defense that shares with the main action a common question of law or fact" to intervene. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("[C]ourts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose."). Here, intervention is appropriate, as it is evident that a nexus of fact exists between the present action and the civil action.[1]

Under the circumstances, the Court concludes that the protective order should be modified to allow the parties in the civil action to access the information produced by the parties in the present action to the extent such information is discoverable.[2] *See United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) ("Once a court orders documents before it sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents.") (citing *United Nuclear Corp.*, 905 F.2d at 1427-28).

---

[1] Additionally, such intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The parties requesting modification of the protective order are the same parties that the protective order seeks to shelter, and there is no indication that such modification will cause any delay in adjudication.

[2] The Court also acknowledges that a protective order is in place in the civil action that accounts for the safety and privacy interests of the parties in that action.

**IT IS THEREFORE ORDERED** that the protective order entered by this Court [Doc. No. 125] shall be modified. Defendant is authorized to provide information previously protected by this Court's protective order to the parties in the civil action styled No. CIV-21-305-JAR.

**IT IS SO ORDERED** this 8th day of December, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge